MATTHEW J. GAUGER, Bar No. 139785
KERIANNE R. STEELE, Bar No. 250897
TIFFANY L. CRAIN, Bar No. 306663
Weinberg, Roger & Rosenfeld
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
Telephone  (916) 443-6600
Fax  (916) 442-0244
E-Mail:  mgauger@unioncounsel.net
ksteele@unioncounsel.net
tcrain@unioncounsel.net

Attorneys for Plaintiffs Katina Davis, Jae Steward and those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATINA DAVIS, JAE STEWARD, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | No.<br><br>COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED<br><br>[Pursuant to 29 U.S.C. Section 201, et seq., and 28 U.S.C. Section 2201]<br><br>Demand for Jury Trial |

COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

# I. INTRODUCTION

1. The above-named Plaintiffs ("Plaintiffs") are correctional officers employed by the County of Napa "(Defendant" or "County"). Plaintiffs bring this action on behalf of themselves and other similarly situated employees to recover wrongfully withheld overtime compensation, as well as liquidated damages, attorneys' fees and costs pursuant to the provisions of Sections 7 and 16(b) of the Fair Labor Standards Act of 1938, as amended (29. U.S.C. Sections 207 and 216(b)) ("FLSA") or "Act").

2. Plaintiffs and those similarly situated are members of Service Employees International Union, Local 1021 ("SEIU Local 1021" or "Union"). SEIU Local 1021 is the exclusive bargaining representative of Plaintiffs pursuant to California's Meyers-Milias-Brown Act, Cal. Gov't Code section 3500, *et seq*. SEIU Local 1021 and Defendant are parties to a Memorandum of Understanding ("MOU") which governs the terms and conditions of employment for correctional officers.

3. Defendant has failed to compensate correctional officers working in the County jail system for all time worked. Defendant has acknowledged to the Union that the jails are understaffed. Rather than increasing hiring and reducing attrition, the County requires that Plaintiffs and similarly situated correctional officers regularly work substantial amounts of overtime in order to mitigate the impact of the staffing shortage and continue to provide for the safety of the public.

4. Correctional Officers are non-exempt under the FLSA and thus are entitled to overtime pay under the Act. 29 CFR §541.3(b)(1). Under Section 7(k) of the Act, 29 U.S.C. 207(k), corrections employers and Unions can agree on a work period that is longer and has a different trigger for when overtime is required.

5. The MOU between the Union and the County states the following with regard to correctional officers' workdays:

> Then normal workday for Correctional Officer I/II, Correctional Corporal, and Juvenile Hall Counsel I/II shall be twelve (12) consecutive hours of work in a consecutive twenty-four (24) hour period except that in a fourteen (14) day consecutive period one

1

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

workday shall be eight (8) consecutive hours of work.  If County determines the twelve (12) hour day is no in its best interest, the Union shall be notified in writing of a pending change.  Unless some other alternative plan is mutually agreed to, County shall revert to Article 61.2(b) or utilize Article 61.7.
Article 61.2(d).

6. Correctional officers are assigned shifts of 6:00 a.m. – 6:00 p.m., or 6:00 p.m. to 6:00 a.m. on their 12-hour days and on their 8-hour days.  However, officers must arrive as early as 5:30 a.m. or 5:30 p.m. prior to their assigned shift to perform a variety of duties in advance.  These duties include checking retrieving key box keys, getting post keys, retrieving the radio, performing a "pass on" with the off-going officer, and retrieving items for the inmates such as meals and laundry.  The Union's stewards surveyed officers regarding the time it takes them to perform these duties, and it ranges, based on post and individual, between about 20-35 minutes.  Regardless of post, officers have regular need to arrive early for their shift to perform these tasks, or they are not able to report to their posts at 6:00 a.m./6:00 p.m.  The County has not compensated officers at all for this time.  Officers are therefore owed overtime for hours worked in excess of straight time hours per work period.

7. Depending on the location of their post, correctional officers performed between 10 and 30 minutes of uncompensated work per shift.

8. The County violated the Act when it did not pay overtime for hours worked after the 7(k) straight time work period.  This means that the County violated Section 7(a) and (k) of the Act for work periods where this unpaid work brings correctional officers above the straight time hours in the work period.

9. Specifically, since January 2017, Plaintiffs and similarly situated correctional officers regularly completed more than the straight time hours of work per work period without receiving compensation for all their labor at a rate of not less than one-and-one-half times their regular rate of pay. Plaintiffs bring this action to prevent Defendant from paying Plaintiffs less than one-and-one-half times the FLSA "regular rate" for hours worked over the straight time hours  in a work period. (29 U.S.C. § 207, 29 C.F.R. 785.19, 778.108, 778.208.)

10. Accordingly, Plaintiffs seek compensatory damages as well as liquidated damages

2

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

pursuant to section 7 of the Act in an amount equal to said compensatory damages, as authorized by section 16(b) of the FLSA (29 U.S.C. § 216(b)).

11. Finally, Plaintiffs also bring this action to prevent Defendant from attempting to improperly classify Plaintiffs as exempt professionals under section 13(a) of the FLSA (29 U.S.C. Section 213(a)).

## II.   JURY DEMAND

12. Plaintiffs demand a jury trial.

## III.   JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to sections 3, 7 and 16(b) of the FLSA and through the provisions of 28 U.S.C. section 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

14. Venue properly lies within this district pursuant to 28 U.S.C. Section 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant is domiciled and conducts the primary portion of its business within this district.

## IV.   PARTIES

15. The named Plaintiffs are employed by the County of Napa. The additional persons who may become opt-in Plaintiffs in this action are similarly situated in that they are currently, or have during the last three (3) years, been employed by the County of Napa during a work period in which they performed more than the straight time hours of work in a work period without being compensated by Defendant at a rate of not less than one-and-one-half times their respective regular rates for all the time worked.

16. Defendant County of Napa is the employer of Plaintiffs. Defendant is a political entity created pursuant to the laws of the State of California and an employer within the meaning of section 3(d) of the FLSA (29 U.S.C. § 203(d)) as well as a public agency within the meaning of section 3(x) of the FLSA (29 U.S.C. § 203(x)).

17. At all relevant times herein, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(r) and (s)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

3
COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

of the FLSA (29 U.S.C. §§ 203(r)(s)).

18.  At all relevant times herein, Defendant has assigned individual Plaintiffs and others similarly situated to perform work recording work time at the beginning of their assigned shift and at the end of their assigned shift without recording the work performed for the benefit of the employer prior to and after the assigned shift time.

19.  Thus, this action is brought by Plaintiffs for and on behalf of themselves, individually, and those similarly situated correctional officers, pursuant to section 16(b) of the FLSA (29 U.S.C. § 216(b)). Each Plaintiff has consented in writing to become a party to this action, and such Consents are herein filed with the Court as "**Exhibit A**". As additional persons consent in writing to become Plaintiffs in this action, such additional Consents will be filed with this Court.

20.  As a result of Defendant's foregoing violations of section 7 of the FLSA and the applicable regulations of the United States Department of Labor ("DOL"), there is now a sum due and owing in an amount that has not yet been determined by Plaintiffs. The employment and work records for each Plaintiff and potential opt-in Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are thus unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by section 11(c) of the FLSA (29 U.S.C. § 211(c)) and the regulations of the DOL to maintain and preserve payroll and other employment records, hard and electronic copies with respect to Plaintiffs and other employees similarly situated from which the amounts of Defendant's liability can be ascertained.

21.  Moreover, Defendant knew or should have known the requirements of the maximum hours' provisions of the FLSA. Plaintiffs are members of SEIU Local 1021.  Plaintiffs, through members elected to the Union's bargaining team and through other Union representatives, have notified Defendant of this failure to comply with the FLSA on numerous occasions within the FLSA statutory period. Defendant failed to take appropriate action. Defendant's failure to investigate and comply with the requirements of the FLSA thus refutes any claim that Defendant's violations of the FLSA may have resulted from a good-faith mistake.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

4
COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

Plaintiffs are therefore entitled to liquidated damages pursuant to Section 16(b) of the FLSA.

22. Defendant's failure to conduct an adequate investigation, Defendant's failure to follow the results of the limited inquiry Defendant made, and Defendant's volitional determination to continue to violate the FLSA support a finding of willfulness and an extension of the applicable statute of limitations pursuant to 29 U.S.C. Section 255(a).

23. Thus, in addition to compensatory damages, attorneys' fees, and costs, Plaintiffs are entitled to liquidated damages and an extension of the statute of limitations to three years due to Defendant's demonstration of willfulness and bad faith though its years-long effort to deprive Plaintiffs of their due overtime compensation in violation of section 7 of the FLSA.

## V.   FIRST CAUSE OF ACTION — FAILURE TO PAY OVERTIME

24. Plaintiffs refer to the allegations set forth in paragraphs 1 through 23 above, and hereby incorporate the same as though fully set forth herein at length.

25. This is an action to recover back wages and liquidated damages for Defendant's past and continuing serial violations of section 7 of the FLSA stemming from its failure to fully compensate Plaintiffs and an undetermined number of similarly situated correctional officers at a rate of not less than one-and-one-half their regular rate when performing more than the straight time hours of work in that work period, as required by section 7(a) and (k) of the Act (29 U.S.C. § 207(a) and (k)).

26. During the three (3) years prior to the filing of this action and the Consents herein, and continuing to the present time, Defendant suffered or permitted Plaintiffs to work in excess of the straight time hours per work period, without compensating Plaintiffs at time-and-one-half their regular rate for all time worked beyond the straight time hours in a work period, pursuant to Section 7(a) and 7(k) of the Act, respectively (29 U.S.C. § 207(a) and (k)).

27. Defendant's failure and refusal to properly compensate Plaintiffs pursuant to Section 7(a) and (k) of the FLSA is contrary to the provisions of Section 7 of the Act (29 U.S.C. § 207). Through these actions, Defendant willfully and in bad faith failed and refused to pay Plaintiffs time-and-one-half their regular rate of pay for all hours worked in excess of the straight

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

5
COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.

time hours in a work period, in violation of the provisions of Section 7 of the FLSA (29 U.S.C. § 207(a) and (k)).

28. As a result of the foregoing violations of Section 7 of the FLSA, Plaintiffs are entitled to compensatory and liquidated damages, attorneys' fees and costs, and an extension of the statute of limitations from two (2) to three (3) years due to the willfulness and bad faith of Defendant in failing to properly compensate Plaintiffs in compliance with the basic tenets of the FLSA.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

1. Order a complete and accurate accounting of all back pay compensation due and owing to which Plaintiffs are entitled;

2. Award Plaintiffs and all others who have suffered losses by virtue of Defendant's unlawful conduct such monetary damages in the form of back pay compensation for unpaid overtime as set forth above, liquidated damages equal to Plaintiffs' unpaid overtime compensation and interest thereof, for the statutory period of three (3) years sufficient to restore Plaintiffs to the position in which they would be but for Defendant's serial, ongoing and willful unlawful conduct;

3. Award Plaintiffs their reasonable attorneys' fees, to be paid by Defendant, and the costs and disbursements of this action; and

4. Grant such other and further relief as the Court may deem just and proper.

Dated: June 15, 2021

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
MATTHEW J. GAUGER
TIFFANY L. CRAIN

Attorneys for Plaintiffs Katina Davis, Jae Steward and those similarly situated

147771\1179592

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

6
COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT BY INDIVIDUALS AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED
Case No.