UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATINA DAVIS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>   Defendant. | Case No. 21-cv-04603-JCS<br><br>**ORDER DENYING STIPULATION**<br><br>**ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 57 |

On January 4, 2023, the parties filed a stipulation to dismiss with prejudice the claims of two opt-in plaintiffs, Ryan Ralston and Emmanuel Solorzano. *See* dkt. 57. The stipulation indicates, and counsel for the parties confirmed at the January 20, 2023 case management conference, that Ralston and Solorzano have not complied with their discovery obligations and have not responded to outreach from Plaintiffs' counsel. As discussed at that case management conference, the Court is not satisfied that counsel has authority to dismiss these individuals' claims with prejudice without their consent. The stipulation is therefore DENIED.

Based on the representations in the stipulation and at the case management conference, however, it appears that Ralston and Solorzano have not responded to formal discovery requests served on them by Defendant the County of Napa. Under Rule 37(d), sanctions for a party's failure to appear for their own deposition or to respond to interrogatories or requests for inspection may include entering judgment against that party. Ralston and Solorzano are ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice for failure to comply with requests for discovery.

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss

the action or any claim against it." Fed. R. Civ. P. 41(b).  The Ninth Circuit has recognized that, despite the language of that rule regarding a motion by a defendant, "courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  It appears that in addition to violating federal rules regarding discovery, Ralston and Solorzano have failed more generally to prosecute their case since joining as plaintiffs by opting in under 29 U.S.C. § 216(b), including in their failure to communicate with their attorneys.  Ralston and Solorzano are therefore ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice under Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure regarding discovery obligations and for failure to prosecute.

A hearing on this order to show cause will occur on **March 3, 2023 at 2:00 PM PST** via Zoom webinar (Zoom Webinar ID: 161 926 0804. Passcode: 050855), in conjunction with the hearing on Plaintiffs' attorneys' forthcoming motion to withdraw as counsel for Ralston and Solorzano.  Ralston and Solorzano are ORDERED to appear at that hearing via Zoom and should be prepared to address these issues themselves if their attorneys' motion to withdraw is granted.

Plaintiffs' counsel shall serve copies of this order on Ralston and Solorzano in a manner consistent with Rule 5(b)(2) of the Federal Rules of Civil Procedure and file proof of service no later than **January 25, 2023**.

**IT IS SO ORDERED.**

Dated: January 20, 2023

JOSEPH C. SPERO
Chief Magistrate Judge